Jason S. Jackson
Kutak Rock LLP
2001 16th St Mall, Suite 1800
Denver, CO 80202
Telephone (303) 297-2400
Jason.Jackson@kutakrock.com

K. Jon Breyer (*pro hac vice to be applied for*)
Aaron A. Myers (*pro hac vice to be applied for*)
Marcus P. Zelzer (*pro hac vice to be applied for*)
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402
T: (612) 334-5044
F: (612) 334-5050
Jon.Breyer@kutakrock.com
Aaron.Myers@kutakrock.com
Marcus.Zelzer@kutakrock.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RETVRN, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS BLANDING, an individual,<br><br>Defendant. | **Case No. 1:26-cv-01165**<br><br>**NICHOLAS BLANDING'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant Nicholas Blanding ("Mr. Blanding") as and for his Answer to Plaintiff Retvrn, Inc.'s ("Plaintiff") Complaint (the "Complaint") states and alleges as follows. Except as specifically admitted, qualified or otherwise answered herein, Mr. Blanding denies every matter, thing, and allegation in the Complaint:

## IDENTIFICATION OF THE PARTIES AND JURISDICTION

1. As to Paragraph 1 of the Complaint, Mr. Blanding admits Plaintiff is a foreign corporation, but denies that Plaintiff's principal place of business is located in Florida, as records publicly available on Florida's Secretary of State's website establish Plaintiff's principal address is located in Hattiesburg, Mississippi.

2. Mr. Blanding admits Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies that Plaintiff's claim has merit or that it has suffered any damages.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

5. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

6. Mr. Blanding is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. Mr. Blanding is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. Mr. Blanding is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. As to Paragraph 9 of the Complaint, Mr. Blanding admits to entering into an independent contractor agreement with an effective date of February 9, 2024, pursuant to which Mr. Blanding served as an independent contractor, and not an employee of Plaintiff. Mr. Blanding

denies all allegations that are inconsistent with the independent contractor agreement and affirmatively asserts that the agreement speaks for itself. Mr. Blanding further denies that he was hired to write and develop code "exclusively" for Plaintiff and its projects, and denies the remaining allegations in paragraph 9 of the Complaint.

10. As to Paragraph 10 of the Complaint, Mr. Blanding denies entering into an employment agreement, but admits to entering into an independent contractor agreement with an effective date of February 9, 2024. The document referenced in paragraph 10 of the Complaint speaks for itself and Mr. Blanding denies any implication inconsistent with the independent contractor agreement. Importantly, Exhibit 1 to the Complaint that purports to be an employment agreement expressly states that Mr. Blanding's "type of employment" is a "1099," the Internal Revenue Service's designation of an independent contractor.

11. Paragraph 11 of the Complaint attempts to characterize the independent contractor agreement, which speaks for itself. To the extent the allegations are inconsistent with the independent contractor agreement, they are denied.

12. Mr. Blanding denies the allegations contained in paragraph 12 of the Complaint.

13. Mr. Blanding denies the allegations contained in Paragraph 13 of the Complaint.

14. As to Paragraph 14 of the Complaint, Mr. Blanding admits to negotiations about the services he performed as an independent contractor. However, Mr. Blanding denies Plaintiff's characterization of the events and the legal conclusions and therefore denies the same.

15. As to Paragraph 15 of the Complaint, Mr. Blanding denies he was an employee of Plaintiff and denies Plaintiff's characterization of the events and legal conclusions contained in Paragraph 15.

16. As to Paragraph 16 of the Complaint, Mr. Blanding admits that he is the owner of the code and related intellectual property. Mr. Blanding denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Mr. Blanding denies the allegations contained in paragraph 17 of the Complaint.

18. Mr. Blanding denies the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 references an Exhibit B which was not filed with the Complaint and consequently, Mr. Blanding cannot admit or deny the contents of Exhibit B. Mr. Blanding admits that Plaintiff demanded the return of certain property related to the SHIFT and ESC projects. Mr. Blanding denies that Plaintiff is entitled to this property.

20. Mr. Blanding admits he rejected Plaintiff's demand, as the code is lawfully his property. Mr. Blanding denies that he wrongfully withheld the code and/or intellectual property and denies that Plaintiff is entitled to receive the code, as Mr. Blanding is the owner of the code and Plaintiff has failed to fulfill its contractual obligations.

21. Mr. Blanding denies the allegations contained in paragraph 21 of the Complaint.

22. Mr. Blanding denies the allegations contained in paragraph 22 of the Complaint.

23. Mr. Blanding denies the allegations contained in paragraph 23 of the Complaint.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT**

24. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding states he entered into an independent contractor agreement with an effective date of February 9, 2024. Mr. Blanding denies all

allegations that are inconsistent with the independent contractor agreement and denies that he was an employee of Plaintiff.

26. Mr. Blanding denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

29. As to Paragraph 29 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## SECOND CLAIM FOR RELIEF - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
**(Contract)**

30. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

35. As to Paragraph 35 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## THIRD CLAIM FOR RELIEF – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TORTIOUS BREACH)

36. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding states he entered into an independent contractor agreement with an effective date of February 9, 2024. The independent contractor agreement speaks for itself. Mr. Blanding denies all allegations that are inconsistent with the independent contractor agreement.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

41. Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

**FOURTH CLAIM FOR RELIEF – UNJUST ENRICHMENT**

42. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

43. Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

45. Paragraph 45 of the Complaint does not define the "benefits" and contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

46. Paragraph 46 of the Complaint does not define the "benefits" and contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

48. Paragraph 48 of the Complaint does not define the "benefits" and contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations. Mr. Blanding affirmatively asserts that Plaintiff is not entitled to receive the code.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

50. As to Paragraph 50 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested against him, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

**FIFTH CLAIM FOR RELIEF - CONVERSION**

51. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding states he entered into an independent contractor agreement with an effective date of February 9, 2024, which agreement speaks for itself. Mr. Blanding denies all allegations that are inconsistent with the independent contractor agreement, he denies that he was an employee of Plaintiff, and denies the remaining allegations of Paragraph 52.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

54. As to Paragraph 54 of the Complaint, Mr. Blanding admits Plaintiff demanded the code and intellectual property, but denies that Plaintiff is entitled to receive the code and/or intellectual property.

55. Mr. Blanding denies the allegations contained in Paragraph 55 of the Complaint.

56. As to Paragraph 56 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## SIXTH CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY

57. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

59. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

61. As to Paragraph 61 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## SEVENTH CLAIM FOR RELIEF – PRELIMINARY AND PERMANENT INJUNCTION

62. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

65. As to Paragraph 65 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

**EIGHTH CLAIM FOR RELIEF – DECLARATORY RELIEF**

66. Mr. Blanding realleges and incorporates by reference his responses to the allegations of the Complaint as if restated here.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

68. Mr. Blanding is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 68 of the Complaint and therefore denies the same.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding entered into an independent contractor agreement with an effective date of February 9, 2024. Mr. Blanding denies all allegations that are inconsistent with the independent contractor agreement and denies that the code was for Plaintiff's exclusive use and benefit.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies retaining and withholding Plaintiff's alleged code/intellectual property as Mr. Blanding is the lawful owner.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Blanding denies the allegations.

73. As to Paragraph 73 of the Complaint, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred as this Court does not have personal jurisdiction over Mr. Blanding.

3. Plaintiff's Complaint is barred due to improper venue.

4. Plaintiff's claims are barred in whole or in part, as Mr. Blanding is not an employee of Plaintiff.

5. Plaintiff's claims are barred in whole or in part, as Mr. Blanding is the owner of the code and intellectual property.

6. Plaintiff's claims are barred in whole or in part, as Mr. Blanding was not unjustly enriched.

7. Plaintiff's claims are barred in whole or in part, as Mr. Blanding did not owe a fiduciary duty to Plaintiff.

8. Plaintiff's claims are barred in whole or in part, as Mr. Blanding did not exercise improper dominion and control over the code.

9. Plaintiff's claims are barred in whole or in part, as Plaintiff will not suffer immediate and irreparable injury.

10. Plaintiff's claims are barred in whole or in part, by the doctrine of waiver.

11. Plaintiff's claims are barred in whole or in part, by the doctrine of laches.

12. Plaintiff's claims are barred in whole or in part, by the doctrine of accord and satisfaction.

13. Plaintiff's claims are barred in whole or in part, by the doctrine of estoppel.

14. Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

15. Plaintiff's claims are barred in whole or in part, because Plaintiff has made statements and/or taken actions which estop it from asserting its claims.

16. Plaintiff's claims are barred, in whole or in part, because of a want of and/or failure of consideration.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff breached the alleged contract.

18. Plaintiff's claims fail for failure to mitigate its damages.

19. Mr. Blanding reserves the right to assert such other and further affirmative defenses as he may determine as necessary or appropriate, whether upon further investigation and discovery or otherwise, in compliance with applicable Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Blanding denies Plaintiff is entitled to any relief requested, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Mr. Blanding his attorneys' fees and costs as allowed by law.

## COUNTERCLAIM

Nicholas Blanding, for his Counterclaim against Retvrn, Inc., states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Blanding is a citizen of the state of Colorado.

2. Retvrn is a corporation organized under the laws of the state of Florida with its principal place of business in the state of Mississippi.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) as the claims in this counterclaim "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

4. Mr. Blanding brings this compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a), as it arises out of the transaction or occurrence that is the subject of Retvrn's Complaint. Thus, to the extent the matter brought by Retvrn proceeds in this Court, venue is proper to litigate the counterclaim.

## FACTUAL BACKGROUND

5. Mr. Blanding and Retvrn entered into an independent contractor agreement with an effective date of February 9, 2024 (the "Agreement"). The Agreement required Retvrn to pay Mr. Blanding $5,000.00 per month, with payment to be made every two weeks, and further provided that every six months Mr. Blanding will receive 62.5 shares of Retvrn stock.

6. Pursuant to the Agreement, the type of employment was "1099" (IRS designation for an independent contractor) and Mr. Blanding performed services for Retvrn under the Agreement as an independent contractor.

7. Consistent with the Agreement, wherein Mr. Blanding is designated as an independent contractor and not an employee of Retvrn, Retvrn reported to the Internal Revenue Service that it paid no employment wages.

8. Retvrn has never provided Mr. Blanding with a W-2 Form, extended him any formal employment benefits, or paid any employment taxes relating to Mr. Blanding's services.

9. The Agreement does not provide Retvrn with control over Mr. Blanding's work. To the contrary, the scope of work evidences that Mr. Blanding's work encompassed "[a]s much responsibility as is feasible and reasonable to be undertaken by Nick Blanding for the development of the technologies and code base of RETVRN Inc., specifically the development and launch of the SHIFT and ESC products."

10. After the Agreement was executed by the parties, Mr. Blanding began providing services to Retvrn. At the outset of the relationship, Retvrn provided Mr. Blanding with an undeveloped code that was not ready for consumer use.

11. The code provided by Retvrn relied on a mechanism of action which ultimately Mr. Blanding did not use.

12. The services provided by Mr. Blanding include, developing the code for the development and launch of SHIFT and ESC, and developing four core programs for use on Windows, Mac, web server, and iPhone (collectively, the "Code"). These programs (mechanism of action) were not part of the code provided to Mr. Blanding by Retvrn. Rather, these programs were implemented due to the Code Mr. Blanding developed.

13. To complete the Code, Mr. Blanding had to subscribe to numerous subscription platforms to enable him to develop and test the code.

14. These subscription platforms were funded by Mr. Blanding, and only the iMazing Subscription was invoiced to Retvrn.

15. Mr. Blanding used personal computers, phones, and servers to test the Code and upload to AWS. Retvrn only reimbursed Mr. Blanding for two Android phones, which was insufficient to test the Code. As a result, Retvrn did not supply the tools to complete the Code.

16. Mr. Blanding is the lawful owner of the Code being used by SHIFT and ESC.

17. Recognizing that Retvrn has no rights in the Code, on February 15, 2025, over a year after the Agreement was executed, and which the Parties were performing under, Retvrn sent Mr. Blanding an Intellectual Property Agreement.

18. The Intellectual Property Agreement sought to obtain ownership in the Code developed and owned by Mr. Blanding. Specifically, the Intellectual Property Agreement provided in relevant part:

> **1. Ownership of Intellectual Property**
> By signing this Agreement, the Contractor agrees that all software, code, designs, documentation, or any other materials created or developed for the Company by the Contractor, both before and after the date of this Agreement, and whether created while under the auspices of the Contractor's 1099 or contracted employment, shall be the sole and exclusive property of RETVRN Inc. ("Company IP"). This includes any and all future work or modifications to code, software, and related work performed during the course of the Contractor's employment.

19. The Intellectual Property Agreement further sought for Mr. Blanding to assign, transfer, and convey to Retvrn all rights, title, and interest in the intellectual property, and sought to have Mr. Blanding agree that any work performed under the Intellectual Property Agreement would be considered work for hire and that the Company be deemed the author and owner of such work.

20. Mr. Blanding rejected the terms of the Intellectual Property Agreement.

21. Ironically, Retvrn commenced an action against Mr. Blanding and represented to this Court that Mr. Blanding was an employee of Retvrn. Yet, the recitals in the Intellectual Property Agreement expressly state that Mr. Blanding is an independent contractor.

22. The Intellectual Property Agreement Retvrn provided to Mr. Blanding establishes that Retvrn knows it has no rights in the Code that Mr. Blanding developed.

23. In or around May of 2025, Retvrn began experiencing financial difficulties.

24. As a result, and to ensure that Mr. Blanding would be paid for his services, the parties commenced negotiations, through which Retvrn promised Mr. Blanding a 30% ownership interest in Retvrn.

25. Under the guise of inducement, Mr. Blanding continued to perform his independent contractor services.

26. By correspondence dated January 21, 2026, Retvrn terminated Mr. Blanding. The termination letter attempted to reclassify Mr. Blanding as an employee, which was contrary to the Agreement and the parties' course of conduct.

27. Ostensibly, Retvrn wrongfully attempted to reclassify Mr. Blanding as an employee of Retvrn attempting to coerce Mr. Blanding into assigning ownership of the Code to Retvrn.

28. Retvrn has attempted to reclassify Mr. Blanding as an employee of Retvrn to create the illusion of a "work made for hire" in an effort to obtain ownership of the Code. But the Code is not a "work made for hire."

29. Retvrn is attempting to take Mr. Blanding's Code for its own benefit to the detriment of Mr. Blanding.

30. Retvrn is improperly using and profiting from the Code developed by Mr. Blanding.

31. Mr. Blanding has fully performed under the Agreement, including developing the Code.

32. For work performed under the Agreement, Mr. Blanding would send invoices to Retvrn.

33. Retvrn has failed to pay all amounts due and owing to Mr. Blanding for the services provided.

34. Retvrn has breached the Agreement by failing to pay Mr. Blanding all amounts due and owing under the Agreement.

35. Retvrn has failed to pay Mr. Blanding $5,000.00 per month for all months that Mr. Blanding was an independent contractor of Retvrn.

36. Retvrn further breached the Agreement by failing to issue all stock due and owing to Mr. Blanding under the Agreement and failing to pay dividends.

**COUNT I**
**Breach of Contract**

37. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

38. Mr. Blanding and Retvrn entered into a valid and enforceable Agreement with an effective date of February 9, 2024, for independent contractor services.

39. The Agreement required Retvrn to pay Mr. Blanding $5,000.00 per month, with payment to be made every two weeks.

40. The Agreement further provided that every six months Retvrn will provide Mr. Blanding 62.5 shares of stock in Retvrn.

41. Mr. Blanding fully performed under the Agreement, including but not limited to, developing the Code for SHIFT and ESC.

42. Retvrn breached the Agreement by failing to pay Mr. Blanding all amounts due and owing under the Agreement, including by failing to pay Mr. Blanding $5,000.00 per month for all months that Mr. Blanding was an independent contractor of Retvrn, by failing to issue stock due and owing to Mr. Blanding under the Agreement, and by failing to pay dividends. As a result, Mr. Blanding has been damaged in an amount in excess of $75,000, the exact amount to be determined at trial, and pre and post-judgment interest. Mr. Blanding is further entitled to a constructive trust declared in his favor over the profits Retvrn receives from the Code due to Retvrn improperly using and profiting from the Code.

## COUNT II
**Promissory Estoppel**

38. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

39. Mr. Blanding agreed to develop the Code for ESC and SHIFT.

40. Retvrn promised Mr. Blanding it would pay for the development of the Code for ESC and SHIFT.

41. Retvrn further promised Mr. Blanding a 30% ownership interest in Retvrn and thereby induced Mr. Blanding to continue to provide services and develop the Code.

42. Retvrn should have reasonably expected that its promise to pay for the Code would induce Mr. Blanding to act.

43. Mr. Blanding reasonably relied on Retvrn's promise that it would pay for the Code to his detriment.

44. To prevent injustice, Retvrn's promise to pay for the Code must be enforced.

45. As a result of Retvrn's unfulfilled promise, Mr. Blanding has been damaged in an amount in excess of $75,000, the exact amount to be determined at trial, and pre and post judgment interest. Mr. Blanding is further entitled to a constructive trust declared in his favor over the profits Retvrn receives from the Code due to Retvrn improperly using and profiting from the Code.

## COUNT III
**Unjust Enrichment**

46. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

47. Mr. Blanding developed the Code for ESC and SHIFT.

48. Retvrn has received the benefit of the Code developed by Mr. Blanding.

49. To date, Retvrn has failed to pay for the Code.

50. By failing to pay for the Code, and by failing to pay for all of the software to develop the Code, Retvrn has received a benefit at Mr. Blanding's expense and detriment.

51. Retvrn accepted and appreciated the benefit of the Code conferred by Mr. Blanding.

52. Under these circumstances, it is unjust for Retvrn to retain the benefit without commensurate compensation.

53. As a result of Retvrn's unjust enrichment, Mr. Blanding has been damaged in an amount in excess of $75,000, the exact amount to be determined at trial, and pre and post judgment interest. Mr. Blanding is further entitled to a constructive trust declared in his favor over the profits Retvrn receives from the Code due to Retvrn improperly using and profiting from the Code.

**COUNT IV**
**Quantum Meruit**

54. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

55. Mr. Blanding developed the Code for ESC and SHIFT.

56. Retvrn has received the benefit of the Code developed by Mr. Blanding.

57. To date, Retvrn has failed to pay for the Code.

58. By failing to pay for the Code and by failing to pay for all of the software to develop the Code, Retvrn has received a benefit at Mr. Blanding's expense.

59. Retvrn accepted and appreciated the benefit conferred by Mr. Blanding.

60. Under these circumstances, it is unjust for Retvrn to retain the benefit without commensurate compensation.

61. As a result, Mr. Blanding has been damaged in an amount in excess of $75,000, the exact amount to be determined at trial, and pre-and-post-judgment interest. Mr. Blanding is further

entitled to a constructive trust declared in his favor over the profits Retvrn receives from the Code due to Retvrn improperly using and profiting from the Code.

**COUNT V**
**Breach of License**

62. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

63. Retvrn hired Mr. Blanding as an independent contractor to create the Code.

64. Because Mr. Blanding was an independent contractor, the parties understood and agreed that Mr. Blanding would retain ownership of the Code, with any rights granted to Retvrn limited to an implied, non-exclusive license to use the Code in the ordinary course of Retvrn's business.

65. The parties' agreement did not include Retvrn's ***exclusive*** use of the Code, or any claims of exclusivity or ownership that exceeded the scope of Retvrn's non-exclusive rights. Those claims exceed the scope of Retvrn's rights and constitute a willful attempt to deviate from the term of the parties' agreement.

66. By attempting to claim exclusivity or ownership rights in the Code, Retvrn has diminished the value of the Code and Mr. Blanding's ability to exploit the Code. For example, and without limitation, the value of Mr. Blanding's ownership rights in the Code are diminished by Retvrn's wrongful allegations of having exclusive rights or ownership of the Code, which false allegations diminish Mr. Blanding's ability to pursue other business interests involving the Code.

67. Retvrn's actions constitute a breach and/or repudiation of the parties' agreement, including a breach and/or repudiation of any implied non-exclusive license conveyed by Mr. Blanding.

68. Accordingly, based upon Retvrn's breach and/or repudiation of the agreement with Mr. Blanding, Mr. Blanding is entitled to monetary damages caused by the damage to the value of his intellectual property and business opportunities with respect to Mr. Blanding's intellectual property. Mr. Blanding is further entitled to the revocation of any implied license conveyed to Retvrn. This includes, without limitation, the revocation of any implied license for Retvrn to use, offer, or exploit the Code or any other of Mr. Blanding's intellectual property.

## COUNT VI
## Declaratory Judgment

69. Mr. Blanding realleges and incorporates by reference the allegations in this pleading.

70. This Court has the power to declare the rights of the parties pursuant to 28 U.S.C. § 2201.

71. An actual controversy has arisen and now exists between Mr. Blanding and Retvrn concerning their respective rights to the Code, and Mr. Blanding's status as an independent contractor of Retvrn.

72. Mr. Blanding and Retvrn entered into an independent contractor agreement with an effective date of February 9, 2024.

73. Retvrn has never provided Mr. Blanding with a W-2 Form, extended him any formal employment benefits, or paid any employment taxes relating to Mr. Blanding.

74. The Agreement was not for employment, but rather was an independent contractor agreement.

75. Mr. Blanding performed services under the Agreement as an independent contractor.

76. Retvrn did not control Mr. Blanding's work and did not supply the tools for Mr. Blanding to complete his services.

77. Mr. Blanding developed the Code for the development and launch of SHIFT and ESC.

78. Mr. Blanding developed the Code for the development and launch of SHIFT and ESC as an independent contractor.

79. Since Mr. Blanding performed services as an independent contractor, the code is not a "work made for hire" and Retvrn has no ownership of the Code.

80. Retvrn has failed to pay Mr. Blanding all amounts due and owing for the Code.

81. As the developer of the Code, Mr. Blanding is the lawful owner of the Code for SHIFT and ESC.

82. The Code for SHIFT and ESC is Mr. Blanding's property.

83. A judicial determination is necessary and appropriate at this time under the circumstances to declare (i) that Mr. Blanding performed services for Retvrn as an independent contractor and was not an employee of Retvrn; (ii) that Mr. Blanding is the lawful owner of the Code for SHIFT and ESC; and (iii) the Code for SHIFT and ESC is Mr. Blanding's property, and Retvrn has no right to use, sublicense, or attempt to profit off the code in any way.

## PRAYER FOR RELIEF

Wherefore, Nicholas Blanding requests judgment against Retvrn, Inc. as follows:

1. That the Court dismiss Retvrn Inc.'s Complaint with prejudice.

2. That the Court enter an Order in favor of Mr. Blanding against Retvrn, Inc. determining that Retvrn, Inc. breached the Agreement.

3. That the Court enter an Order in favor of Mr. Blanding against Retvrn, Inc. determining that Retvrn, Inc. has been unjustly enriched.

4. That the Court enter an Order in favor of Mr. Blanding against Retvrn, Inc. determining that Mr. Blanding is entitled to Quantum Meruit.

5. That the Court enter an Order declaring a constructive trust in favor of Mr. Blanding over the profits Retvrn receives from the Code due to Retvrn improperly using and profiting from the Code.

6. That the Court enter an Order in favor of Mr. Blanding against Retvrn, Inc. determining that Retvrn, Inc.'s promise to pay for the Code must be enforced.

7. That the Court enter an Order declaring (i) that Mr. Blanding performed services for Retvrn as an independent contractor and was not an employee of Retvrn; (ii) that Mr. Blanding is the lawful owner of the Code for SHIFT and ESC; and (iii) the Code for SHIFT and ESC is Mr. Blanding's property, and Retvrn has no right to use, sublicense, or attempt to profit off the code in any way.

8. Award Mr. Blanding his damages in an amount to be determined at trial.

9. Award Mr. Blanding prejudgment and post judgment interest.

10. Award Mr. Blanding his attorneys' fees and costs as allowed by law.

11. For such other and further relief as deemed just and equitable by the Court.

Date: May 4 2026

**KUTAK ROCK, LLP**

By: *<u>/s/ Jason S. Jackson</u>*
Jason S. Jackson (CO Bar No. 57512)
2001 16th St Mall, Suite 1800
Denver, CO 80202
Telephone (303) 297-2400
Jason.Jackson@kutakrock.com

K. Jon Breyer (*pro hac vice to be applied for*)
Aaron A. Myers (*pro hac vice to be applied for*)
Marcus P. Zelzer (*pro hac vice to be applied for*)
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402
T: (612) 334-5044
F: (612) 334-5050
Jon.Breyer@kutakrock.com
Aaron.Myers@kutakrock.com
Marcus.Zelzer@kutakrock.com

*Attorneys for Defendant Nicholas Blanding*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Justin Pasquale
Double Eagle Injury Law
710 South 7th Street
Las Vegas, NV 89101
888-245-0505
Email: jpasquale@doubleeaglelaw.com

*Attorneys for Plaintiff*

*s/Edna Gray*
Edna Gray